**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MARIE ELENA PICCIRILLO,

          Plaintiff,

vs.                                                      Case No. 3:11-cv-843-J-JRK

MICHAEL J. ASTRUE,
Commissioner of Social Security,

          Defendant.
_____/

**OPINION AND ORDER**[1]

**I. Status**

Marie Elena Piccirillo ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying her claim for disability insurance benefits ("DIB"). Plaintiff allegedly became unable to work because of a car accident in November 2006, during which she sustained injuries to her neck, back, and right arm, and after which she suffered from depression, migraine headaches, problems with eating, insomnia, pain, and discomfort. Transcript of Administrative Proceedings (Doc. No. 24; "Tr." or "administrative transcript"), filed January 9, 2012, at 149, 197.[2] On December 3, 2007, Plaintiff filed an application for DIB, alleging an onset date of November 25, 2006. Tr. at 128-31, 145, 187,

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Order of Reference (Doc. No. 31), filed April 10, 2012; Order of Reference (Doc. No. 32), entered April 13, 2012.

[2] Plaintiff also had a car accident in 1998 that was the initial cause of some of her ailments, Tr. at 149, 317, but she was able to work until November 2006, Tr. at 157 (showing work activity until November 2006).

14;[3] see also Tr. at 149. Plaintiff's application was denied initially, see Tr. at 69, 71, 72-73, and was denied upon reconsideration, see Tr. at 70, 81, 82-83.

On May 3, 2010, an Administrative Law Judge ("ALJ") held a hearing at which Plaintiff and a vocational expert ("VE") testified. Tr. at 28-68. At the time of the hearing, Plaintiff was fifty-one (51) years old. Tr. at 36. The ALJ issued a Decision on June 17, 2010, finding Plaintiff not disabled through the date of the Decision. Tr. at 14-23. On May 27, 2011, the Appeals Council denied Plaintiff's request for review, Tr. at 5-7, thereby making the ALJ's Decision the final decision of the Commissioner. After requesting and receiving additional time to file a civil action, Tr. at 3, 2, on August 22, 2011, Plaintiff commenced this action under 42 U.S.C.§ 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision. Plaintiff then amended her Complaint on August 23, 2011 (Doc. No. 6) seeking the same relief.

Plaintiff raises three issues on appeal.[4] See Plaintiff's Memorandum in Support of Her Complaint (Doc. No. 29; "Pl.'s Mem."), filed April 9, 2012. First, Plaintiff alleges the ALJ erred in finding Plaintiff not entirely credible. See id. at 1, 15-18. Second, Plaintiff argues the ALJ erred at step three of the sequential evaluation process by finding that Plaintiff does not meet or equal any listing. See id. at 1, 10-12. Third, Plaintiff contends that the ALJ's step four determination that Plaintiff can perform her past relevant work ("PRW") is

---

[3] The summary of the DIB application that was provided to Plaintiff by the Social Security Administration actually states Plaintiff completed her application on December 6, 2007, Tr. at 128, as opposed to December 3, 2007. There are other instances in the transcript referencing the earlier December 3, 2007 date, Tr. at 145, 187, and the ALJ found Plaintiff had filed as of the earlier December 3, 2007 date, Tr. at 14.

[4] For ease of discussion, the Court has reorganized the manner in which the issues are presented.

erroneous.[5]  Id. at 1, 12-15.  After a thorough review of the entire record and consideration of the parties' respective memoranda, the Commissioner's final decision is due to be affirmed for the reasons explained herein.

## II. The ALJ's Decision

When determining whether an individual is disabled,[6] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform PRW; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 14-23.  At step one, the ALJ observed that Plaintiff "has not engaged in substantial gainful activity since November 25, 2006, the alleged onset date." Tr. at 16 (emphasis and citation omitted). At step two, the ALJ found Plaintiff suffers from "the following severe impairments: degenerative

---

[5] Plaintiff also sought for this Court to admit and consider additional evidence in deciding the instant appeal. See "Motion to Admit Medical [Evidence]" (Doc. No. 28), filed April 9, 2012. On this date, by separate Order, the Court denied the request to admit and consider additional medical evidence. See Order (Doc. No. 37).

[6] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

disc disease; tendonosis of the right shoulder; depression." Tr. at 16 (emphasis and citation omitted). At step three, the ALJ ascertained Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. at 16 (emphasis and citation omitted).

The ALJ determined Plaintiff has the following RFC:

> [Plaintiff can] lift or carry 20 pounds occasionally, and 10 pounds frequently; and sit, stand or walk up to six hours in an eight hour workday with normal breaks. [Plaintiff] has no limitations in her ability to push or pull within the above limits. [Plaintiff] can never reach above shoulder level with her right arm, but can frequently perform gross manipulations with her right hand. [Plaintiff] can understand, remember and carry out detailed instructions; and concentrate and persist for two hour segments with only a very short break before resuming an activity. [Plaintiff] is able to tolerate frequent supervision, but is not able to meet fast paced, high production demands.

Tr. at 17-18 (emphasis omitted). At step four, the ALJ found Plaintiff "is capable of performing past relevant work as a travel agent, hostess, building consultant, and public relations representative." Tr. at 22 (emphasis and citation omitted). Because the ALJ found Plaintiff is capable of performing her PRW, the ALJ was not required to and did not proceed to step five. The ALJ concluded that Plaintiff "has not been under a disability . . . from November 25, 2006, through the date of th[e D]ecision." Tr. at 23 (emphasis and citation omitted).

### III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d

1320, 1322 (11th Cir. 1998)).  "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)).  The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987).  The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

As noted above, Plaintiff raises three issues on appeal.  Each is discussed in turn.

### A. Plaintiff's Credibility

Plaintiff first takes issue with the ALJ's finding that she is not entirely credible. See Pl.'s Mem. at 1, 15-18.  Plaintiff points to various factual findings and characterizations that the ALJ made, and she argues that they were erroneous. See id. at 15-18.  Defendant, on the other hand, argues that the ALJ properly evaluated Plaintiff's credibility. See

Memorandum in Support of the Commissioner's Decision (Doc. No. 36; "Def.'s Mem."), filed June 8, 2012, at 11-14.[7]

"[C]redibility determinations are the province of the ALJ." Moore, 405 F.3d at 1212. The ALJ "must articulate explicit and adequate reasons" for finding a claimant "not credible." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002). "When evaluating a claimant's subjective symptoms, the ALJ must consider such things as: (1) the claimant's daily activities; (2) the nature, location, onset, duration, frequency, radiation, and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) adverse side-effects of medications[;] and (5) treatment or measures taken by the claimant for relief of symptoms." Davis v. Astrue, 287 F. App'x 748, 760 (11th Cir. 2008) (unpublished) (citing 20 C.F.R. § 404.1529(c)(3)(i)-(vi)). After considering the claimant's subjective complaints, "the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence." Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992) (citing Wilson v. Heckler, 734 F.2d 513, 517 (11th Cir. 1984)).

After discussing Plaintiff's hearing testimony in the Decision, Tr. at 18, the ALJ concluded that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not credible to the extent they are inconsistent with the" RFC, Tr. at 19. The ALJ summarized in detail the medical evidence of record and found that "[t]he longitudinal evidence of record does not support [Plaintiff]'s allegations of disability."

---

[7] To some extent, the undersigned summarily addresses Plaintiff's credibility arguments because only a few of her contentions about credibility warrant detailed discussion. In addition, Plaintiff quarrels with the ALJ's summary of her testimony set forth in the administrative transcript on page eighteen, see, e.g., Pl.'s Mem. at 15-16, but the summary does not purport to be reasons for discrediting Plaintiff's testimony. Instead, the ALJ set forth the reasons for discrediting Plaintiff on pages nineteen through twenty-two.

Tr. at 19.  In addition, the ALJ stated that "the objective evidence fails to provide a compelling basis for [Plaintiff]'s statements regarding her inability to perform basic work activities."  Tr. at 19.

As to treatment for Plaintiff's impairments, the ALJ observed the "treatment has been essentially routine and/or conservative in nature."  Tr. at 20.  The ALJ also noted that Plaintiff "testified she takes only over the counter anti-inflammatory medications for her symptoms, and even that is not taken every day."  Tr. at 20 (referring to Tr. at 53-54).[8]  The ALJ stated that Plaintiff's "use of medication does not suggest the presence of an impairment or symptoms which are more limiting than found in th[e D]ecision."  Tr. at 20.  The ALJ further observed that Plaintiff had not sought treatment for pain since 2008.  Tr. at 20 (referring to Tr. at 56).  Although Plaintiff alleged that she could not afford treatment and that her conditions were improving around 2008 but became worse in 2010, Tr. at 40, 56,

---

[8]    Plaintiff alleges that the ALJ's finding in this regard is erroneous because "[i]t is clearly noted, in the record, that [she] was tak[ing] an anti-inflammatory three times a day and every day."  Pl.'s Mem. at 17 (citing Tr. at 53, 54, 184).  Plaintiff's testimony was not so strong.  She testified as follows:

Q    And you take Ibuprofen?
A    I do when I'm in a lot of pain because it dulls it, like today, I've taken it twice already today which is very unusual for me.
Q    When you say it's unusual, over the course of a week, how often would you say you take an Ibuprofen?
A    I don't take it unless I'm in a lot of pain so maybe I take it in the morning because that's the hardest in the morning is the hardest for me.  I take three in the morning.
Q    But let me ask you over the course of a week if you look over a typical week, not your high and your most times - -
A    Probably four or five times.
Q    Four or five times a week you'll take Ibuprofen in the morning?
A    At least in the morning, yes.

Tr. at 53-54 (emphasis added); see also Tr. at 184 (Questionnaire stating Plaintiff takes Ibuprofen "up to 3x daily") (emphasis added).  Thus, the undersigned finds no error in the ALJ's factual finding that Plaintiff does not take the anti-inflammatory medication every day.

the ALJ observed that Plaintiff was aware of low or no-cost treatments available but did not take advantage of those opportunities, Tr. at 20.[9]

The ALJ addressed complaints that Plaintiff has of "'migraine' headaches." Tr. at 20. The ALJ noted that there has been "no formal diagnosis of a headache condition, and [that] the record fails to reveal any restrictions placed on [Plaintiff]'s activities as a result of this subjective complaint." Tr. at 20. Also, the ALJ observed that Plaintiff's "headache pain" is relieved with ibuprofen. Tr. at 20.

Plaintiff's history of mental illness was discussed. Tr. at 21. The ALJ found that the symptoms of mental illness "are effectively controlled when [Plaintiff] is compliant with prescribed treatment[.]" Tr. at 21.

The ALJ summarized Plaintiff's activities of daily living and ultimately found that they "are not limited to the extent expected, given the complaints of disabling symptoms and limitations."[10] Tr. at 21. In particular, the ALJ pointed to Plaintiff's capability to "complet[e] all of her basic activities of daily living efficiently and independently, including personal hygiene, cooking, cleaning, laundry, shopping, and organizing her residence." Tr. at 21 (referring to Tr. at 47-49). The ALJ also stated Plaintiff "socializes with family and friends, listens to music, works on the computer, and occasionally watches television." Tr. at 21

---

[9] Plaintiff continues to assert in her instant appeal that the gap in her medical treatment can be explained because treatment was not affordable. Pl.'s Mem. at 18. However, as noted by the ALJ, Plaintiff did not attempt to take advantage of no or low-cost opportunities. Tr. at 20; see Tr. at 56 (Plaintiff testifying she has not attempted to go to a health department since 2008).

[10] According to Plaintiff, she has "maintained that [she] ha[s] difficulty with personal grooming, household chores and other daily activities." Pl.'s Mem. at 15 (citing Tr. at 48, 49, 180, 182, 185, 197, 198). Plaintiff is correct that she testified at the hearing regarding her difficulty with or preference not to engage in certain activities of daily living, but she also conceded her ability to perform certain activities. The ALJ for the most part accurately summarized those concessions in finding she is capable of such daily activities. The capability finding is supported by substantial evidence.

(referring to Tr. at 36 (Plaintiff testifying she lives with a close friend), 50-51 (Plaintiff testifying she listens to music, works on the computer, and watches television)). According to the ALJ, Plaintiff "has maintained a home exercise program developed for her by her chiropractor and works on her writing daily." Tr. at 21 (referring to Tr. at 175 (exercise program), 51 (writing)). Finally as to daily activities, the ALJ noted that "[i]n May 2007," after her alleged onset date, "[Plaintiff] reported working for four hours on her computer and riding her bike for several hours." Tr. at 21; see also Tr. at 243 (reporting riding her bike for 1.5 hours), 226 (reporting working part-time), 50 (testifying she tries to get on the computer every day but only stays on the computer for 1.5 to 2 hours).

The ALJ stated that Plaintiff testified she "had looked for employment in 2010, which indicates that her abilities have, at times, been somewhat greater than [Plaintiff] has generally reported." Tr. at 21. Regarding Plaintiff's efforts to look for employment, the ALJ observed the "application for work opportunities is not entirely consistent with her allegations of total disability." Tr. at 21.[11]

The ALJ considered the appropriate factors in assessing credibility and listed numerous explicit and adequate reasons for finding Plaintiff not credible. See Wilson, 284

---

[11] Plaintiff contends that "the ALJ's allegation that [she] was looking for work is erroneous." Pl.'s Mem. at 16. According to Plaintiff, she had only contacted a company that assists disabled individuals with obtaining employment because she "was curious to see how they might and could assist [her] when [she] was able to work again." Id. Plaintiff also contends that she testified during the hearing before the ALJ that the company "offered stay at home positions, in which [she] would be able to work part-time, as [her] disability might allow." Id. (citing Tr. at 46, 47). Plaintiff accurately recites her testimony, but her testimony is not inconsistent with the ALJ's finding that she "had looked for employment in 2010 . . . ." The ALJ did not specify what type of employment, only that she had looked.

F.3d at 1225. The reasons listed are supported by substantial evidence. Therefore, the undersigned finds no error regarding the ALJ's credibility determination of Plaintiff.

### B. Step 3 Findings

Plaintiff next contends the ALJ erred in finding she did not meet or medically equal any of the listings set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1.[12] Pl.'s Mem. at 10-12. Plaintiff does not specify which listing(s) she allegedly meets, but the body of her argument focuses mainly on Listing 1.04 (Degenerative Disc Disease) and Listing 12.04 (Depression). Id.

At step three of the sequential evaluation process, the burden rests on the claimant to prove the existence of a listing level impairment. Carnes v. Sullivan, 936 F.2d 1215, 1218 (11th Cir. 1991). Mere diagnosis of a listed impairment is not sufficient. See, e.g., id.; see also Wilson, 284 F.3d at 1224. "To meet a Listing, a claimant must have a diagnosis included in the Listings and must provide medical reports documenting that the conditions meet the specific criteria of the Listings and the duration requirement." Wilson, 284 F.3d at 1224 (internal quotations and citations omitted). "To equal a Listing, the medical findings must be at least equal in severity and duration to the listed findings." Id. (internal quotations and citations omitted).

The ALJ specifically noted that neither Plaintiff, who was represented by counsel during the administrative proceedings, nor her counsel, alleged that she meets or equals any listing. Tr. at 16. In addition, the ALJ independently considered whether Plaintiff meets

---

[12] In responding to this argument, Defendant focuses mainly on the ALJ's RFC determination. See Def.'s Mem. at 5-11. The Court reads Plaintiff's argument to focus on the ALJ's finding that she does not have a listing-level impairment, not on the ALJ's RFC determination. See Pl.'s Mem. at 10-12.

or equals any listing and found she does not. Tr. at 16-17. The step three findings made by the ALJ reflect that the ALJ properly considered whether Plaintiff meets any listing. Tr. at 16-17; see generally Harris v. Comm'r of Soc. Sec., No. 6:08-cv-886-Orl-GJK, 2009 WL 1783434, at *10 (M.D. Fla. June 18, 2009) (unpublished) (finding no error in the ALJ's step three analysis when the ALJ found an impairment to be severe but indicated the impairment does not meet or medically equal a listing) (citing Wilson, 284 F.3d at 1224-25, in which an ALJ's finding that a plaintiff's impairments did not meet or medically equal any listing was found to be sufficient evidence that the ALJ considered the listings). Therefore, the undersigned finds no error in this regard.

### C. Step 4 Findings

Finally, Plaintiff contends the ALJ erred at step four in determining that she could perform her PRW. Pl.'s Mem. at 12-15. Plaintiff states that the ALJ "did not reference or consider [her] past work history available in the case record," and Plaintiff claims that had the ALJ done so, the ALJ would have found that her jobs as she actually performed them were inconsistent with the VE's definition of the jobs. Id. at 14. Defendant argues that the ALJ properly considered Plaintiff's PRW and properly relied on the VE to determine Plaintiff is capable of performing her PRW. Def.'s Mem. at 15-17.

Generally, a claimant will be found "not disabled" if the claimant has the RFC "to meet the physical and mental demands of jobs a claimant has performed in the past (either the specific job a claimant performed or the same kind of work as it is customarily performed throughout the economy)[.]" Social Security Ruling ("SSR") 82-62, 1982 WL 31386, at *3 (S.S.A. 1982). In making this determination, three possible tests may be used. See SSR

82-61, 1982 WL 31387, at *1 (S.S.A. 1982). The first asks whether the claimant retains the ability to perform a past relevant job based on a broad occupational classification of that job; e.g., a "packaging job."[13] Id. The second test looks to whether the claimant retains the capacity to perform the particular functional demands and job duties of a past job as he or she actually performed it. Id. at *1-2. Third, the ALJ may consider whether the claimant retains the capacity to perform the functional demands and job duties of the job as ordinarily required by employers throughout the national economy. Id. at *2. For the third test, SSR 82-61 notes that "[t]he *Dictionary of Occupational Titles* (DOT) descriptions can be relied upon – for jobs that are listed in the DOT – to define the job as it is *usually* performed in the national economy." Id. If the claimant is found to have the capacity to perform a past job under any of these tests, he or she will be found not disabled. Id.

Section 404.1520(e) of the Code of Federal Regulations "'requires careful consideration of the interaction of the limiting effects of the person's impairment(s) and the physical and mental demands of ... [his or] her PRW to determine whether the individual can still do that work.'" Hawthorne v. Astrue, No. CA 07-0780-C, 2008 WL 2157141, at *3 (S.D. Ala. May 21, 2008) (unpublished) (quoting SSR 82-62, 1982 WL 31386, at *2). When determining that a claimant has the ability to perform his or her PRW pursuant to one of the tests described above, an ALJ must make the following specific findings:

> 1. A finding of fact as to the individual's RFC.
> 2. A finding of fact as to the physical and mental demands of the past job/occupation.

---

[13] This test is not favored due to the vastly different functional demands that may exist in different jobs even though they may be placed in the same generic category. SSR 82-61, 1982 WL 31387, at *1.

> 3. A finding of fact that the individual's RFC would permit a return to his or her past job or occupation.

SSR 82-62, 1982 WL 31386, at *4; see also Lucas v. Sullivan, 918 F.2d 1567, 1574 n.3 (11th Cir. 1990) (noting that to support a conclusion that the claimant can return to his or her past work, "the ALJ must consider all the duties of that work and evaluate [his or] her ability to perform them in spite of [the claimant's] impairments"). The ALJ's finding that a claimant can perform PRW "must be supported by substantial evidence, not mere intuition or conjecture." Wilson, 284 F.3d at 1227. Moreover, the decision whether the claimant retains the capacity to perform his or her PRW "must be developed and explained fully in the disability decision. Since this is an important and, in some instances, a controlling issue, every effort must be made to secure evidence that resolves the issue as clearly and explicitly as circumstances permit." SSR 82-62, 1982 WL 31386, at *3.

Here, the ALJ applied the third test and made the required findings at step four of the sequential evaluation process. Tr. at 22-23. The ALJ noted in the Decision that the VE "testified that [an individual with Plaintiff's residual functional capacity] would be able to perform the duties of all [of her PRW] with the exception of a Sales Agent Real Estate," either as actually or generally performed. Tr. at 23 (referring to Tr. at 60-63). The ALJ "credit[ed] the vocational expert's testimony[.]" Tr. at 23 (referring to Tr. at 60-66). The VE clearly relied on the Dictionary of Occupational Titles, as permitted, in determining how the jobs are ordinarily performed. See Tr. at 60-61. Thus, the undersigned finds no error in the ALJ's step four findings. See Jackson v. Bowen, 801 F.2d 1291, 1293-94 (11th Cir. 1986) (holding "a claimant must demonstrate an inability to return to the previous type of work he was engaged in" rather than a specific former job).

## V. Conclusion

After a thorough review of the entire record, the undersigned finds that the ALJ's Decision is supported by substantial evidence. Accordingly, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) **AFFIRMING** the Commissioner's final decision.

2. The Clerk of Court is further directed to close the file.

**DONE AND ORDERED** at Jacksonville, Florida on January 11, 2013.

_____
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
*Pro Se* party
Counsel of Record